I accord with Hall, J., for the reasons which he has given. Whether a deed be fraudulent or bona fide is a question of fact and possession, or the want of possession, is evidence tending to establish it one way or the other. To make the deed void because possession does not follow it is making it so not because it is fraudulent but because possession is wanting. It is true that the want of possession is so strong an evidence of fraud that the evidence is taken for the fact because it almost invariably follows that a conclusion of fraud is drawn by the jury as a demand, and refusal is frequently confounded with *Page 168 
a conversion for the same reason. But I should think that even in England, where it has been certainly decided of late that possession not accompanying the deed is per se a fraud and incapable of explanation, that if issue were joined whether a deed was fraudulent or not, and the jury should find that the deed was absolute, but that the possession did not accompany it, they would be told that they had found the evidence and not the fact.
It is unnecessary for me to undertake to account for the late change in the English decisions, but I apprehend a solution may be found in the great disposition prevailing in all commercial countries to make the possessor of a chattel its owner, where purchasers or creditors are concerned, of which disposition a strong evidence is afforded by the statute of James relative to the possession of goods by a trader who afterwards becomes a bankrupt. Nor do I feel myself bound by the decision of the late Supreme Court in Gaither v. Mumford, 4 N.C. 600, for however I may be disposed to follow precedents, and particularly those of our own Courts, yet I cannot yield my assent to a decision which converts a question of fact into a question of law, and transfers from the jury to the court that which (325) by the fundamental laws of our State and jurisprudence exclusively belongs to the jury. How the jury would have found in this case, whether or not they would not have drawn the same conclusion which was drawn by the judge, it is not my province to determine. Let a new trial be granted.